IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCREEN ACTORS GUILD – AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>SHERIDAN BROADCASTING NETWORKS, SHERIDAN BROADCASTING CORPORATION, RONALD DAVENPORT, JR., and RONALD DAVENPORT, SR.,<br><br>Defendants. | Civil Action No. 18-455<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 58 |

## OPINION AND ORDER

**KELLY, Magistrate Judge**

Presently before the Court is the Motion for Attorneys' Fees and Punitive Damages (the "Motion") filed by Plaintiff Screen Actors Guild-American Federation of Television and Radio Artists, AFL-CIO, (referred to as the "Union"). ECF No. 58.[1] Defendants Sheridan Broadcasting Networks, Sheridan Broadcasting Corporation, Ronald Davenport, Jr. and Ronald Davenport, Sr. (referred to collectively as the "Defendants") have filed a Response in Opposition to Plaintiff's Motion for Punitive Damages and Attorneys' Fees. ECF No. 60. The instant Motion is now ripe for consideration.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Union brought this action on behalf of regular full-time and part-time newspersons, audio journalists, and producers formerly employed by Sheridan Broadcasting Networks

---

[1] The Union's filing captioned "Plaintiffs Brief in Support of its Motion for Punitive Damages and Attorneys' Fees," ECF No. 58, is, in fact, the Union's combined motion and brief. As such, it will be referred to as the "Motion."

("SBN"), in an effort to obtain earned unpaid wages, unreimbursed expenses and related damages deemed owing in an arbitration filed against SBN. The Union alleged liability pursuant to the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(c), and asserted state law claims against Defendants SBN, Sheridan Broadcasting Corporation ("SBC"), Ronald Davenport, Jr., and Ronald Davenport, Sr. (the individual Davenport Defendants shall be referred to collectively as the "Davenport Defendants"). ECF No. 1. Specifically, the Union brought claims against SBN, its alter ego SBC, and the Davenport Defendants for (1) breach of contract arising out of Defendants' failure to comply with a collective bargaining agreement requirement to remit payment ordered pursuant to a properly entered arbitration award (Count I), (2) a claim for unpaid wages pursuant to the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. Cons. Stat. § 260 *et seq.*, (Count II), and (3) a claim for conversion of Union dues deducted from employee wages but never remitted to SAG – AFTRA (Count III). Id. Although SBN admitted both liability and damages in the arbitration proceeding, Defendants filed an Answer in this case denying liability. ECF No. 7.

The Union previously filed a Motion for Judgment on the Pleadings, ECF No. 38, requesting that this Court enter judgment in its favor as a matter of law pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and against each of the named Defendants. In the Motion for Judgment on the Pleadings, the Union claimed damages awarded in arbitration for unpaid wages, unpaid severance pay, pay due in lieu of written notice of termination, failure to implement a wage increase, failure to reimburse expenses, and failure to remit union dues withheld from employee paychecks.

2

Defendants filed their brief in opposition to the motion, ECF No. 43. SBN/SBC conceded liability for all sums in awarded in arbitration and the Davenport Defendants conceded their personal responsibility for sums due and owing in the course of this litigation.

Upon review, the Court granted the Union's Motion for Judgment on the Pleadings as to the breach of contract claims, the Pennsylvania Wage Payment and Collection Law claim, and the conversion claim. ECF No. 45. As such, the Court found that the Union was entitled to the damages claimed and awarded damages as set forth below.

| Wages to be paid in lieu of notice of termination | $ 36,343.29 |
|---|---|
| Severance pay owed employees | $ 170,685.12 |
| Unpaid wages attributed to 3% wage increase | $ 2,812.38 |
| Wages owed to employees for the period August 16-31, 2017, and wraps and voices produced during August 2017 | $ 18,829.00 |
| Clothing allowance, mileage, and other unreimbursed expenses | $ 9,088.39 |
| Union dues withheld and not remitted | $ 2,293.09 |
| Liquidated Damages of 25% of wages owed | $ 65,165.53 |
| **TOTAL** | **$ 325,827.64** |

Id. at 17. Accordingly, the Court found in favor of the Union and against Defendants Sheridan Broadcasting Networks, Sheridan Broadcasting Corporation, Ronald Davenport, Jr., and Ronald Davenport, Sr., and awarded a total of $325,827.64 in damages. Id. at 18.

The Union also sought punitive damages as well as attorney's fees and costs, which the Court held would be considered separately upon motion filed in support thereof. The Court set the deadline for the filing of such a motion. Thereafter, the Union filed the instant Motion on

July 8, 2019. ECF No. 58. Defendants filed a Response in Opposition on July 24, 2019. ECF No. 60.

## II. ATTORNEYS' FEES

In the instant Motion, as the prevailing party on the Pennsylvania WPCL claim, the Union seeks to be awarded a total of $50,994.16 in attorneys' fees and costs, consisting of $45,262.50 for legal services provided by Attorney Peter Demkovitz, $3,780.00 in legal services provided by Attorney Jonathan Walters, and an award of $1,951.66 for attorneys' costs and expenses. ECF No. 58 at 7.

In support of the instant Motion, the Union asserts that the reasonable hourly rate for Attorney Demkovitz is $375.00 per hour, and for Attorney Walters is $450.00 per hour. ECF No. 58-1. The Union has submitted the affidavit of Attorney Walters, id. at 1-4, and the statement of professional services, with an itemized breakdown of legal services rendered. Id. at 5-8.

In the Response in Opposition, Defendants "do not take issue with the hourly rate or the invoice provided by the Plaintiffs." ECF No. 60 at 6. However, Defendants argue that an award of attorneys' fees should be limited to legal fees arising out of the WPCL claim. Id. As such, Defendants argue that of the $325,827.24 that this Court awarded, only $237,758.18 is attributable to the wage claim, which equates to 72.97% of the judgment amount. Id. Defendants argue that this percentage should be applied to the total amount of attorneys' fees incurred and request that the Court award the reduced amount of $37,210.44 (72.97% multiplied by $50,994.16).[2]

The Union stated in its Motion that it is seeking "attorneys' fees under the WPCL...." ECF No. 58 at 3. An award of attorney fees to the prevailing employee in action brought under the WPCL is mandatory. See 43 Pa. Cons. Stat. §§ 260.1–260.11; 260.9a(f). The WPCL

---

[2] The Union did not file a reply in opposition to Defendants' argument for an adjustment.

4

provides, *inter alia*, that "[t]he court in any action brought under this section shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant." 43 Pa. Cons. Stat. § 260.9a(f).

Here, the Court granted the Union's Motion for Judgment on the Pleadings as to the WPCL claim, as well as to its claims for breach of contract and conversion. ECF No. 45. As such, the Union is clearly entitled to an award of attorneys' fees. See Oberneder v. Link Computer Corp., 696 A.2d 148, 151 (Pa. 1997) ("[A]n award of attorneys' fees to a prevailing employee in an action brought under the [WPCL] is mandatory."). However, the WPCL "only mandates an award of reasonable attorneys' fees. Courts retain discretion to determine the amount of the fees owed." Id., 696 A.2d at 151 n.4 (citing 43 Pa. Cons. Stat. § 260.9a(f)).

In determining an award of attorneys' fees under the WPCL, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking the attorneys' fees has the burden to prove that the requested amount is reasonable, which requires the party petitioning for the fee to "submit evidence supporting the hours worked and rates claimed." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting Hensley, 461 U.S. at 433).

The fee petition must be detailed and specific enough for the district court to determine whether the hours claimed are reasonable given the work performed and should contain, "some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates." Rode, 892 F.2d at 1190 (quoting Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanatory Corp., 487 F.2d 161, 167 (3d

5

Cir. 1973)). An hourly rate is reasonable if the fee applicant demonstrates by evidence supplementing the applicant's affidavit that the suggested rate is comparable to the "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001) (quoting Rode, 892 F.2d at 1183). As discussed above, Defendants have not challenged the claimed hourly rate by the Union's attorneys. Accordingly, the Court finds that the claimed hourly rates for Attorneys Demkovitz and Walters are reasonable.

In reviewing the hours claimed by the Union, the Court must "decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Pub. Interest Research Grp. of N.J. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995) (quoting Hensley, 461 U.S. at 434). Defendants have not objected to any of the specific hours claimed in Union's fee petition or attempted to point out excessive, redundant, or otherwise unnecessary hours expended for the work performed. Therefore, the Court will not make any modifications to the fee petition based on the hours expended. The attorney time expended appears to be reasonable and necessary.

However, Defendants argue that the requested attorneys' fees should be limited to the fees related to one of the three claims in the Complaint because the remaining two claims are unrelated to the WPCL claim. ECF No. 60 at 6. Defendants asserts that the sole basis for statutorily authorized attorney fees in this case is the Union's success on its WPCL claim. Thus, while the Union included in its Motion an attorneys' fees amount reflecting the work performed on all claims, ECF No. 58 at 4-7, Defendants argue that the attorneys' fees should be reduced to reflect the work attributable to the WPCL claim only. ECF No. 60 at 6. "This type of objection to an award of fees more typically arises in cases where a plaintiff brings several claims covered by

a fee-shifting statute, such as 42 U.S.C. § 1988, and is successful on some but not all of the claims" Bair v. Purcell, No. 1:04–CV–1357, 2010 WL 3282653, at *4 (M.D. Pa. August 17, 2010). In such a situation, the United States Supreme Court has held that a district court must analyze the interrelatedness of the claims in a case in order to determine the appropriate amount of attorneys' fees. Hensley, 461 U.S. at 434–35. (noting that some cases require "unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim," while other cases "involve a common core of facts or will be based on related legal theories," in which case, the "district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.").

In the instant case, the Union was successful on three claims, of which only the WPCL claim entitles them to an award of attorneys' fees. In such instances, the United States Court of Appeals for the Third Circuit has held that a district court should still use the interrelatedness analysis in determining whether the amount of awarded attorneys' fees should include the work done on claims which do not qualify for statutorily authorized attorneys' fees. Williams v. Tri–County Growers, Inc., 747 F.2d 121, 137–38 (3d Cir. 1984) (*abrogated on other grounds by* Pullman–Standard v. Swint, 456 U.S. 273, 287 (1982)). The Third Circuit explained that "there is no precise rule or formula for determining the amount of lawyers' services spent on claims raised under different statutes. In such situations, the district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Id. (internal quotations omitted).

Here, it is apparent based on the Court's review of the filings, that the WPCL, the LMRA and the conversion claims are clearly interrelated because all of them arise from the failure of

7

Defendants to pay the Union members earned unpaid wages, wage increases and severance, as well as Defendants' withholding Union members' wages for Union dues but not remitting them to the Union as required. As such, the claims arise from a common core of facts. The significance of the overall relief obtained by the Union is readily apparent. Simply put, all of the claims relate to Defendants' refusal pay Union members that were due and owed, including the refusal to remit wages that were withheld for Union dues. The Union's claim for unpaid reimbursement of members' expenses is no exception. Section 260.2a of the WPCL defines wages to include "fringe benefits or wage supplements." 43 Pa. Cons. Stat. § 260.5(a)(1992). Fringe benefits or wage supplements are, in turn, defined to include "reimbursement for expenses ... and any other amount to be paid pursuant to agreement to the employee, a third party or fund for the benefit of employees." Id. See Edelman v. Source Healthcare Analytics, LLC, 265 F. Supp. 3d 534, 541 (E.D. Pa. 2017). Under these circumstances, the Union is entitled to recover all legal fees.

Based on this Court's findings relative to the interrelatedness of the claims, the Court will award the Union all of the attorneys' fees requested in the amount of $49,042.50, and costs incurred in the amount of $1951.66.

## III. PUNITIVE DAMAGES

The Union seeks punitive damages for its common law conversion claim. ECF No. 50 at 3. The underlying conversion claim is based on Pennsylvania common law; therefore, Pennsylvania substantive law will determine whether punitive damages will be permitted in this case. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996).

Under Pennsylvania law, punitive damages are proper "only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." Hutchison ex rel. Hutchison v. Luddy, 870 A.2d 766, 770 (Pa. 2005). "[W]hen assessing the propriety of the imposition of punitive damages, the state of mind of the actor is vital." Id. (internal quotations omitted). "Thus, in Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Hutchinson, 870 A.2d at 772 (citation omitted).

Here, the Union argues that it "should be awarded punitive damages in an amount up to the discretion of the court" because "the harm was no mere accident but a deliberate scheme to divert funds." ECF No. 58 at 4. Defendants respond that punitive damages are not appropriate in this case because "there was neither a usurpation of funds nor malicious intent, but rather poor economic circumstances." ECF No. 60 at 3–6. Defendants attached several exhibits to their Response including a Chapter 11 Bankruptcy filing of Sheridan Broadcasting Networks, Inc., and copies of dockets showing that the Defendants were engaged in other litigation concerning their financial difficulties. See ECF Nos. 60-1, 60-2, 60-3, 60-4. The Defendants assert that these facts "demonstrate[] that it was not a willful evasion by the Defendants of their payment obligations, rather it was a business failure which lead to their inability to pay." ECF No. 60 at 5.

Although the conduct of Defendants is disconcerting to say the least, the Union has not established any facts substantially refuting Defendants' assertion that the failure to pay wages was the result of poor management and business decisions, and not willful or wanton so as to merit an award of punitive damages in this case. Because the Union's unsupported statement that "the harm was no mere accident but a deliberate scheme to divert funds," standing alone is

insufficient as a matter of law to support its claim, the Union's Motion seeking an award of punitive damages is denied.

## IV. CONCLUSION

For the reasons stated herein, the Court grants in part and denies in part the Union's Motion for Attorney Fees and Punitive Damages. ECF No. 58. The Court grants the Plaintiff's Motion for Attorneys' Fees and awards Plaintiff attorneys' fees in the amount of $49,042.50 and costs in the amount of $1951.66, for a total award of fees and costs of $50,994.16, to be paid by Defendants Sheridan Broadcasting Networks, Sheridan Broadcasting Corporation, Ronald Davenport, Jr. and Ronald Davenport, Sr. Plaintiff's Motion for Punitive Damages is denied. An appropriate Order follows.

## ORDER

AND NOW, this 16th day of October, 2019, upon consideration of Plaintiff's Motion for Attorney Fees and Punitive Damages, ECF No. 58, and the Defendants' Response in Opposition thereto, ECF No. 60, and for the reasons set forth in the accompanying Opinion,

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED IS PART AND DENIED IN PART as follows:

(1) Plaintiff is awarded attorneys' fees and cost in the amount of $50,994.16 to be paid by Defendants Sheridan Broadcasting Networks, Sheridan Broadcasting Corporation, Ronald Davenport, Jr. and Ronald Davenport, Sr., to be paid within seven (7) days of the date of this Order; and,

(2) Plaintiff's Motion for Punitive Damages is denied.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF